**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1594
_____

GOLDIN DEL PILAR HERRERA-GARCIA; E.G.H.,
                                                    Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A208-689-119; A208-689-120)

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 7, 2022
_____

Before: SHWARTZ, MATEY and FUENTES, *Circuit Judges*

(Filed: December 16, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

MATEY, *Circuit Judge*.

Goldin Del Pilar Herrera-Garcia ("Herrera-Garcia") and her minor son appeal the denial of their request for asylum and withholding of removal. The Board of Immigration Appeals ("BIA") found no connection between the alleged persecution and her proposed social groups, and insufficient evidence that the Honduran government was unable or unwilling to provide protection. The BIA also found the Immigration Judge ("IJ") did not abuse her discretion by declining to allow Herrera-Garcia's untimely exhibits. Finding no legal error in those conclusions, we must deny the petition for review.

## I.

Herrera-Garcia and her son arrived in the United States from Honduras seeking asylum. Herrera-Garcia claimed they fled an alleged gang member named Jario Santos who started harassing her with threats of violence after her husband's death. Herrera-Garcia acknowledges she did not report these threats to the police, citing the cost of filing a report and her belief that authorities would not investigate her claim.

Herrera-Garcia and her son were charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). Herrera-Garcia applied for asylum and withholding of removal.[1] In the months leading up to her hearing, Herrera-Garcia received several opportunities to submit additional evidence, but did not. On the day of the hearing, Herrera-Garcia offered new

---

[1] The asylum statute makes provisions for derivative beneficiaries, 8 U.S.C. § 1158(b)(3)(A), while the withholding statute does not, 8 U.S.C. § 1231(b)(3)(A). No separate claims are made for her son, and her claims fail under either theory. Herrera-Garcia also raised a claim under the Convention Against Torture, but she did not challenge the IJ's decision before the BIA and does not discuss the claim in this appeal.

affidavits, which the IJ excluded as untimely. On appeal, the BIA upheld the IJ's decisions, concluding that Herrera-Garcia had not proven the threats related to her membership in a particular social group, or that the Honduran government was unwilling or unable to assist. The BIA also upheld the IJ's decision to reject the late-filed affidavits, finding no abuse of discretion or prejudice to Herrera-Garcia. Herrera-Garcia now appeals and we will deny the petition for review.[2]

## II.

## A.

Asylum and withholding of removal require the applicant to show past persecution, or likely future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." *See* 8 U.S.C. §§ 1158(b)(1)(A), (b)(1)(B)(i) (asylum); 1231(b)(3)(A) (withholding of removal). "[A]n applicant for asylum or withholding of removal seeking relief based on 'membership in a particular social group' must establish that the group is: (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G*, 26 I. & N. Dec. 227, 237

---

[2] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review findings of fact under the "substantial evidence" standard of review. *Valdiviezo-Galdamez v. Att'y Gen.*, 663 F.3d 582, 590 (3d Cir. 2011). We review questions of law *de novo*. *Id.* "When the BIA adopts or defers to the underlying decision of the IJ, we review the IJ's opinion as the decision of the agency." *Garcia v. Att'y Gen.*, 665 F.3d 496, 502 (3d Cir. 2011). Because the IJ's enforcement of filing deadlines is discretionary, we review such decisions for abuse of discretion, reversing only if the decision is arbitrary, irrational, or contrary to law. *See* 8 C.F.R. § 1003.31(h); *Khan v. Att'y Gen.*, 448 F.3d 226, 233 (3d Cir. 2006).

(BIA 2014); 8 C.F.R. § 208.1(c) (2020). Persecution includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993). But the persecution suffered must be "on account of" the protected ground, meaning the individual's membership in a particular social group must be "at least one central reason for persecuting the applicant." *Thayalan v. Att'y Gen.*, 997 F.3d 132, 138 (3d Cir. 2021) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)). And the persecution must be committed by the government or by private actors whom the government is unwilling or unable to control. *Galeas Figueroa v. Att'y Gen.*, 998 F.3d 77, 90 (3d Cir. 2021) ("[I]f a government is willing and able to afford some protection to an individual against harms inflicted by private actors, then that government is not sufficiently complicit in the private conduct for those acts to constitute persecution for purposes of relief from removal."); *Doe v. Att'y Gen.*, 956 F.3d 135, 146 (3d Cir. 2020) (noting that an absence of a police report "*leaves a gap in proof* about how the government would respond if asked" which the applicant must satisfy (emphasis in original)).

The BIA found no nexus between Santos' conduct and Herrera-Garcia's membership in a proposed group of "women in Honduras who are not protected by the police or government being that they are treated like second class citizens; women that are threatened and raped by gang members who are unable to be controlled by the Honduran government." A.R. 57, 202.[3] Herrera-Garcia mainly argues that because she

---

[3] As a result, the BIA declined to consider whether the proposed social groups are viable. "A viable particular social group should be perceived within the given society as a

4

never received threats before her marriage, Santos' conduct must relate to her status as a widow. But an applicant's status as an individual in a particular social group must play more than "an incidental, tangential, or superficial role in persecution." *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 685 (3d Cir. 2015). In seeking reversal of the BIA's determination, Herrera-Garcia must "show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992) (holding that the applicant had to show he had a fear of persecution "*because of*" his political opinion (emphasis in original)). She cannot. The IJ and BIA determined that Herrera-Garcia's testimony was too vague to establish that Santos persecuted her because of her proposed social group. Even if Santos' conduct could be considered persecution, Herrera-Garcia's unsupported allegations of Santos' gang membership and nonspecific allegations of Santos' motives do not prove that Santos' harassment was on account of her membership in the particular social group.

Herrera-Garcia also argues that the IJ erred in finding insufficient evidence to show the Honduran government would not assist. She relied on a Country Conditions Report prepared by the U.S. Department of State and news articles noting violent conditions in Honduras. But the Country Report states that rape is punishable by a sentence of three to nine years and that "the courts enforce[] these penalties,"

---

sufficiently distinct group" and "members of a particular social group will generally understand their own affiliation with the grouping, as will other people in the particular society." *Matter of M-E-V-G*, I. & N. Dec. at 238.

demonstrating the government's willingness to help. A.R. 243. And while Herrera-Garcia pointed to the cost of filing a police report, the IJ noted her finances accommodated other discretionary spending. The IJ's conclusions, affirmed by the BIA, are based on substantial evidence.

## B.

Nor did the IJ abuse her discretion when she refused to admit Herrera-Garcia's untimely exhibits. IJs are given broad authority to impose deadlines for court filings. 8 C.F.R. § 1003.31(h). We uphold these discretionary decisions unless they were irrational, arbitrary, or contrary to law. *See Khan*, 448 F.3d at 233. And even then, a claimant must show that there was substantial prejudice from the alleged error. *See Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 213 (3d Cir. 2017).

Herrera-Garcia had ample time to file these materials. The IJ granted an extension, and Herrera-Garcia concedes she had the exhibits in her possession well before the hearing. Nothing about the IJ's exclusion was irrational, arbitrary or contrary to law. Nor was any prejudice shown from the alleged exclusion, particularly when all the affidavits concerned facts Herrera-Garcia provided in her own testimony. The IJ acted within her authority in excluding these documents, and Herrera-Garcia received the necessary due process.

## III.

For these reasons, we will deny the petition for review.